IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Sarah Smith, ) | |
| ) | Case No. 8:14-cv-00370-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on Plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) for the successful representation of Plaintiff by Sarah Smith in the underlying Social Security benefits action.[1] [Doc. 30.] The Commissioner of Social Security ("the Commissioner") filed a response in opposition to the motion on August 5, 2015 [Doc. 31]; and Plaintiff filed a reply on August 24, 2015 [Doc. 32]. Accordingly, the motion is now ripe for review.

## APPLICABLE LAW

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . , incurred by that party in any civil action . . . brought by or against the United States . . . , unless the court finds that the position of the United States was

---

[1] By Order dated December 14, 2015, pursuant to 28 U.S.C. § 636 and this Court"s Standing Order 3:12-mc-386-MBS, the instant motion was referred to the undersigned for disposition of the EAJA Attorney's Fees Motion. [Docs. 35, 37.] Pursuant to the Order, the undersigned was directed to enter an Order for the disposition of this motion.

1

>substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see also Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991) (stating that the eligibility requirements for an award of fees under the EAJA are: (1) that the claimant is a prevailing party; (2) that the government's position was not substantially justified; (3) that no special circumstances make an award unjust; and (4) that the claimant timely filed his petition supported by an itemized statement.)

A claimant is a prevailing party if the case is remanded pursuant to sentence four of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993). Further, a fee petition is timely if filed within thirty days of the final judgment. 28 U.S.C. § 2412(d)(1)(B). Finally, the government's position is "substantially justified" if it "ha[s] a reasonable basis both in law and in fact*." Pierce v. Underwood*, 487 U.S. 552, 563 (1988). The phrase "substantially justified" has not been defined as "justified to a high degree," but a position has been described as "substantially justified" if there is a "genuine dispute" or "if reasonable people could differ as to [the appropriateness of the contested action]." *Id.* at 565 (alteration in original) (internal citations and quotation marks omitted).

Under § 2412(d)(2)(A), fees and other expenses that may be awarded to a prevailing party in a civil action against the government must be "reasonable." The statute also provides a maximum hourly rate that can be awarded. Specifically, Congress provided that the amount of fees awarded shall be based upon prevailing market rates for the kind and quality of the services furnished, except that attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the

proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii); *Hyatt v. Barnhart*, 315 F.3d 239 (4th Cir. 2002).

In an EAJA award, the Commissioner is charged only those fees and expenses fairly attributable to the monitoring and investigatory activities that led to the discovery of the dispute and to the litigation of that dispute. *Hyatt*, 315 F.3d at 256. "Costs" are limited to filing fees, copying, and printing charges. 28 U.S.C. § 1920; *see also* 28 U.S.C. § 2412(a)(1) (specifying that costs are limited to those enumerated in 28 U.S.C. § 1920); *W. Va. Univ. Hosps. v. Casey*, 499 U.S. 83, 86–87 (1991) (noting that only those items specifically listed in 28 U.S.C. § 1920 are compensable as costs). Other items, such as postage, attorney travel, and telephone charges, are considered "expenses" under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A); *see also Int'l Woodworkers of Am. v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985) (upholding award of expenses for telephone charges, postage, air courier charges, and attorney travel and noting that such expenses are those normally billed to a client and are routine under most fee statutes).

## DISCUSSION

Plaintiff contends that between August 4, 2014 and August 15, 2014, Paralegal Deborah H. Dempsey ("Dempsey") spent 34.5 hours reviewing the transcript and drafting Plaintiff's brief in support of her appeal, filed on August 18, 2014, which consisted of 39 pages and included a summary of the medical evidence, challenges to the ALJ's weighing of the opinions of three treating physicians, and the failure of the Appeals Council to consider new evidence. [*See* Doc. 30-3 at 1–2.] On October 14–15, 2014, Dempsey spent 4.25 hours reviewing the Commissioner's brief and drafting a responsive brief

consisting of 15 pages and, again, addressing the medical opinion evidence of record, the weighing of this evidence by the ALJ, and the new evidence submitted to the Appeals Council. [*See id*.] In addition to the time outlined above, Dempsey spent one hour drafting the EAJA fee petition brief. [Doc. 30-3 at 2.] Dempsey claims a total of 39.75 hours of time in this matter. [*Id*.] The fee petition also seeks an additional 1.5 hours in paralegal time for drafting the civil complaint, summons, and cover sheet; preparing services of the same; and drafting the certificate of service. [Doc. 30-2 at 2.] Plaintiff seeks to recover a total of 41.25 hours of paralegal time at an hourly rate of $91.88. [Doc. 30-6 at 11.]

Plaintiff asserts that attorney Paul McChesney ("McChesney") spent 1.5 hours meeting with Plaintiff and reviewing her file for merit. [Doc. 30-2 at 2.] McChesney also spent 5 hours reviewing and editing the initial brief drafted by Dempsey and 4.5 hours reviewing, editing, and researching for the response brief. [*Id*.] McChesney spent an additional 0.50 hours reviewing the Report and Recommendation in this case, 0.50 hours reviewing the Commissioner's objections, 0.25 hours reviewing the Final Order, and 0.50 hours reviewing the EAJA petition, for a total of 12.75 hours of time. [Doc. 30-2 at 2.] Plaintiff seeks to recover attorney time at an hourly rate of $183.75. [Doc. 30-6 at 11.]

The Commissioner challenges the "reasonableness" of Plaintiff's requested fees by arguing that Plaintiff's counsel's request for 54 hours of attorney and paralegal time, of which 39.5 hours were spent researching, writing, and reviewing Plaintiff's brief in support of her appeal, is excessive. [Doc. 31 at 3.] The Commissioner cites to a number of cases in which this court has found time spent on a Social Security brief to be excessive and have reduced the time for which Plaintiff could receive compensation. Specifically, the Commissioner cites to *Caldwell ex rel. Y.B.K. v. Astrue*, 518 F.Supp.2d 777 (D.S.C. 2007)

and *Williams v. Astrue*, No. 10-4, 2012 WL 6615130, *3 (D.S.C. Dec. 19, 2012), in support of this argument. The Commissioner further argues that the issues raised in the brief were routine issues that Plaintiff's counsel, as an experienced Social Security attorney has most likely briefed numerous times in other cases. [Doc. 31 at 3]

The Court has reviewed Plaintiff's fee petition and finds the requested hours for Plaintiff's initial brief are reasonable and the requested hours for Plaintiff's response brief are unreasonable. As stated above, a determination of the reasonableness of the fees is within the discretion of this court. *See* 28 U.S.C. § 2412(b). These determinations must be made in the context of the specific case at bar; what is reasonable in one case may be unreasonable in another. *Bunn v. Bowen*, 637 F.Supp. 464, 469 (E.D.N.C. 1986). The reasonableness of the hours expended in a particular case depends upon the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the tactics of the opponent. *Id*. at 470. Finally, the court must weigh the hours claimed against its own knowledge, experience, and expertise of the time required to complete similar activities. In sum, the court must carefully scrutinize the total number of hours reported by the fee applicant to arrive at the number of hours that can fairly and reasonably be charged to the losing party. *Id.*

In this case, the bulk of the fees claimed are for drafting, reviewing, and editing Plaintiff's various filings. As the Commissioner points out, courts have found fees for editing and drafting briefs excessive and have reduced such fees where warranted. *See Caldwell*, 518 F.Supp.2d at 780 (finding 26.8 hours counsel spent in drafting and editing brief in the underlying surviving child benefits claim was excessive, and reducing the

billable time to twenty hours; however, Plaintiff's counsel was entitled to recover for 50.8 hours spent on the case); *Moreland v. Astrue*, C.A. 4:08-3902-CMC, 2010 WL 2851119 (D.S.C. July 16, 2010) (reducing by half the time claimed for writing the reply brief in which "legal issues addressed . . . [were] not sufficiently complex to justify such a significant time expenditure in comparison to other aspects of the litigation."); *Williams*, 2012 WL 6615130, at *3, (holding that the Court reduced the time billed for reviewing, editing, and drafting the reply brief because the time spent between the attorneys was about the same amount of time used to draft the initial brief and reducing the recoverable time by half). In making such determinations, courts may consider the potential for duplication of services, particularly where multiple lawyers are involved. *Caldwell*, 518 F.Supp.2d at 779 (citing *Bunn* 637 F.Supp. at 467).

While the Commissioner may be correct that Plaintiff's brief raised routine issues, the issues had to be related to a rather large medical history. The Court notes that the record in this case contains over 1,200 pages of documents, 643 pages of which were medical evidence dating from 1995 to 2012. [*See* Docs. 14, 15.] Plaintiff claimed severe impairments of degenerative disc disease, degenerative joint disease, coronary artery disease, diabetes mellitus, obesity, and sleep apnea; Plaintiff was found to have numerous non-severe impairments including gastroesophageal reflux disease, urinary tract infections, hypertension, anemia, dyslipidemia, gout, nasal congestion and cough, knee pain, depression, and anxiety. [*Id*.] The Court also notes that the majority of Plaintiff's arguments for remand were centered on the ALJ's consideration and weighing of the medical and opinion evidence of record. Consequently, the Court does not find it

unreasonable that a paralegal spent 31.25 hours drafting Plaintiff's initial brief, or that Counsel for Plaintiff spent 5 hours reviewing and editing the same.  Furthermore, the Court does not find the potential for duplication of services to be especially high in this matter because the paralegal did the majority of the leg work in drafting the brief.

With respect to the responsive brief, however, the Court notes that Dempsey spent 4.25 hours drafting the brief and McChesney spent 4.5 hours reviewing, editing, and researching the same.  In this instance, the Court finds that the potential for duplication of effort by McChesney is high seeing that he spent more time reviewing and editing the brief than Dempsey spent drafting it.  Accordingly, the Court will exercise its discretion to reduce the hours for which McChesney is compensated for his work on the responsive brief by half or to 2.25 hours.

Although the total requested hours exceeds the 20–40 hour range typical for Social Security cases, the Court does not find this fact alone to be an indication of an overall finding of unreasonableness.  *See Roth v. Comm'r, Soc. Sec.,* 2015 WL 567168, at *3 (D. Md. Feb. 10, 2015) ("[I]n typical Social Security cases it is reasonable for an attorney to expend between twenty and forty hours.").  Courts in this district have found instances where hours exceed the typical range were reasonable.  *See Johnson v. Astrue*, No. 8:10-2716-RMG, (D.S.C. May 30, 2012) (finding 61.75 hours was reasonable); *Sims v. Astrue*, No. 1:10-1907-MBS, (D.S.C. Oct. 5, 2012) (finding 74 hours was reasonable).  The Commissioner has not contested the hourly rate requested in this case.  Accordingly, the Court applies the rates of $183.75 per hour for 10.50 hours of attorney time and $91.88

per hour for 41.25 hours of paralegal time and finds Plaintiff is entitled to recover attorneys' fees in the amount of $5,719.43.[2]

Plaintiff also seeks supplemental fees incurred in litigating the merits of its fee petition in the amount of $413.45 (2.5 hours of paralegal time at $91.88 per hour plus 1.0 hour of attorney time at $183.75). This Court has found supplemental fees appropriate in the past. *See Taylor v. Colvin*, No. 1:11-1834, 2013 WL 1867339 (D.S.C. May 3, 2013); *Lance v. Colvin*, No. 3:11-80, 2013 WL 476382 (D.S.C. Sept. 3, 2013). Upon review, the Court finds Plaintiff's supplemental request reasonable.

## CONCLUSION

Wherefore, based upon the foregoing, it is recommended that Plaintiff's petition for attorney's fees be GRANTED, and that Plaintiff be awarded attorney's fees in the amount of $5719.43, and supplemental fees in the amount of $413.45 pursuant to the EAJA, 28 U.S.C. § 2412(d), payable to Plaintiff. The Court directs the Commissioner to make the check payable to the Plaintiff and to deliver the check to the office of Plaintiff's counsel.

**IT IS SO ORDERED**.

                                                        s/Jacquelyn D. Austin
                                                        United States Magistrate Judge

February 11, 2016
Greenville, South Carolina

---

[2] An EAJA award is payable to the litigant as the "prevailing party," not his or her attorney, and is subject to offset to satisfy a pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586, 591 (2010).